

**FILED & ENTERED**

**JUL 18 2016**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell  DEPUTY CLERK

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>DIBBIE PIGGEE,<br><br>　　　　　Debtor. | Case No.: 2:15-bk-10867-RK<br><br>Chapter 7<br><br>**ORDER DENYING DEBTOR'S MOTION TO VACATE DISMISSAL AND REINSTATE CHAPTER 7 BANKRUPTCY CASE** |

　　　Pending before the court is the motion of Debtor Dibbie Piggee ("Debtor") to vacate the dismissal of her Chapter 7 bankruptcy case and to reinstate the case.  Docket No. 23, filed on July 6, 2016.  By order entered on April 13, 2015, the court dismissed Debtor's bankruptcy case for failure to timely pay the first installment of her bankruptcy case filing fee ("Motion").  Docket No. 19, entered on April 13, 2015.  With her bankruptcy petition filed on January 21, 2015, on the same date, Debtor had filed an Application to Pay the Filing Fee in Installments.  Docket Nos. 1 and 7, filed January 21, 2015.  By order entered on January 21, 2015, the court granted Debtor's application to pay the filing fee of $335.00 in installments with the first installment of $110.00 due on March 20, 2015.  Docket No. 9, entered on January 21, 2015.  Attached to the order granting Debtor's application to pay the filing fee in

installments was a notice to Debtor that each installment must be paid in full by the due date and that payment must be paid in person or by mail to the court at its mailing address of 255 East Temple Street, Room 940, Los Angeles, California  90012.  *Id.*   The case docket for this case reflects that Debtor did not pay the first installment payment of the filing fee in the amount of $110.00 by the due date of March 20, 2015, ECF 23.  Because Debtor did not timely pay the first installment payment of the filing fee in the amount of $110.00 by the due date of March 20, 2015, the court issued an order and notice of dismissal order of the bankruptcy case on April 13, 2015.  Docket No. 19, entered on April 13, 2013.

On July 6, 2016, Debtor filed this Motion to Vacate Dismissal more than a year after the court dismissed her bankruptcy case on April 13, 2015.  Docket No. 23, filed on July 6, 2016.  In her declaration in support of the Motion to Vacate Dismissal, Debtor stated: "I missed the first payment because I had just started a new job and was unable to leave work early to make the payment in person.  At the time, I was unaware that I could mail in the payment or send someone to the Court on my behalf to make the payment.  On March 30, 2015, I called the Court and offered to pay the entire balance of the filing fee with my debit card or via U.S. Mail, but the clerk said that they have a strict deadline and could not accept my payments.  As a result, my case was dismissed on April 13, 2015.  In June 2016, a friend encouraged me to contact the Court to see if my case could be reinstated.  Before my friend suggested this, I did not even consider this option." Declaration of Debtor, Docket No. 23, filed on July 6, 2016.

By her Motion, Debtor seeks relief from the order of dismissal of her bankruptcy case, that is, she requests that the court vacate the dismissal order and reinstate the case. However, Debtor in the Motion does not state any legal grounds for her request to vacate the dismissal of the case and to reinstate the case, but the factual grounds stated in her declaration might state a claim for relief based on mistake or excusable neglect.  That is, Debtor apparently contends that her failure to timely comply with her installment fee payment schedule was due to "excusable neglect" arising from her inability to leave work in time to

make the payment in person and her misunderstanding as to how payments could be made other than going to the court herself in person to make the payment.  Since Debtor's claim for relief from the order dismissing the case appears to be based on mistake or excusable neglect, the court determines that the rules in Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 9024, which incorporates by reference Federal Rule of Civil Procedure ("Civil Rule") 60(b)(1), apply to this Motion.  Civil Rule 60(b)(1) provides that the court may relieve a party or its legal representative from a final judgment, order, or proceeding on motion and just terms for "mistake, inadvertence, surprise, or excusable neglect."

However, Civil Rule 60(c)(1) specifically provides that such a motion for relief from judgment or order based on mistake or excusable neglect under Civil Rule 60(b)(1) must be made within a reasonable time, and no more than a year after the entry of the judgment or order or the date of the proceeding.  Federal Rule of Civil Procedure 60(c)(1)("A motion under Rule 60(b) must be made within a reasonable time --- and for reasons (1), (2) and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."). Because Debtor filed her Motion on July 6, 2016, which is more than a year after the entry of the order for dismissal on April 13, 2015, which order she seeks to vacate, the Motion is untimely because it was filed after the one-year outside deadline of April 13, 2016 under Civil Rule 60(c)(1).  Unfortunately, due to the Civil Rule 60(c)(1) one-year deadline, the court lacks legal authority to grant Debtor's Motion because she did not file the Motion timely before the one-year deadline passed on April 13, 2016, and thus, regrettably, the court must deny the Motion.

///

///

For the foregoing reasons, IT IS HEREBY ORDERED that Debtor's Motion to Vacate Dismissal and Reinstate Chapter 7 Bankruptcy Case is DENIED.

**IT IS SO ORDERED.**

###

Date: July 18, 2016

_____
Robert Kwan
United States Bankruptcy Judge